IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHAUNCEY VINCENT THOMAS, SR.,
    Plaintiff,

vs.                                     Case No. 3:11cv364/LC/CJK

WARDEN HALEY, et al.,
    Defendants.

_____

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint, the Court concludes that this case should be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at the Reception and Medical Center in Lake Butler, Florida. Plaintiff was confined at Century Correctional Institution ("Century CI") at the time of the events giving rise to his complaint. Plaintiff's complaint names four defendants, all prison officials at Century CI: Warden Haley, Assistant Warden Payne, Assistant Warden Flores and Colonel Schwarz. (Doc. 1, pp. 1-2). Plaintiff alleges that he has "constantly complained" that the walls in his cell leak water, that his locker has a rusty bottom which could easily cut and infect him, that the exit doors in the dayroom leak water

onto the floor which poses a slip-and-fall hazard, and that the doors in the sallyport lack proper weather-stripping which causes the floors to become flooded and slippery when it rains. Plaintiff claims these conditions subject him to cruel and unusual punishment in violation of the Eighth Amendment. As relief, plaintiff seeks $100,000 from each defendant or, in the alternative, that defendants be required to close down and repair the dormitory. (*Id.*, pp. 7-8).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for

failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle). Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they show that plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit.

Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 524, 122 S. Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth, supra* at 734, 121 S. Ct. at 1825. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See Booth, supra* at 741 n. 6; *McCarthy v.*

*Madigan*, 503 U.S. 140, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Moreover, the PLRA requires "proper exhaustion," so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2387-88, 165 L. Ed. 2d 368 (2006); *see also id.*, 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). An untimely grievance that is rejected as such by prison officials does not satisfy the exhaustion requirement. *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005). A court must dismiss an action if satisfied that the plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander*, 159 F.3d at 1325-26.

The grievance procedures promulgated by the Florida Department of Corrections ("DOC") require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and (3) submit an appeal to the Office of the Secretary. F. A. C. r. 33-103.005 to r. 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010). Grievance appeals to the Office of the Secretary must be received within fifteen calendar days from the date of the response to the formal grievance. F.A.C. r. 33-103.011(1)(c). The grievance appeal may be returned to the inmate without further processing if the appeal was not received within requisite time period. F. A. C. r. 33-103.014(1)(i). An extension of the time period shall be granted "when it is

clearly demonstrated by the inmate to the satisfaction of the reviewing authority . . . or the Secretary that it was not feasible to file the grievance within the relevant time period[ ] and that the inmate made a good faith effort to file in a timely manner." F.A.C. r. 33-103.011(2).

Plaintiff asserts that he submitted all required grievances, (doc. 1, p. 3), and attaches copies of those grievances as evidence of exhaustion. (Doc. 1, Exs. A-C). The response to plaintiff's formal grievance is dated March 4, 2011. (Ex. B). Plaintiff grievance appeal was received by the Secretary on March 30, 2011. (Ex. C). The Secretary responded:

> Your request for administrative appeal has been received in non-compliance with Chapter 33-103, "Appeals must be received in the Office of the Secretary within 15 calendar days of the institutional response."
>
> Chapter 33-103.006(8), F.A.C. makes provisions for appeals/grievances to the Secretary to be receipted at the local institution/facility in order to facilitate your need to submit your appeal within the established time frames. Your failure to have your grievance receipted locally may have contributed to your failure to file the grievance timely.
>
> Your administrative appeal is being returned without action.

(Ex. C). Plaintiff's appeal, which was filed out-of-time and without a showing of infeasibility, is not sufficient to exhaust the DOC's administrative remedies for purposes of § 1997e's exhaustion requirement.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to

cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile; therefore, dismissal is appropriate.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(b)(ii) for plaintiff's failure to state a claim upon which relief may be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 26th day of April, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:11cv364/LC/CJK*